Filed 6/30/15  P. v. James CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076350 |
| v. | (Super. Ct. No. SF125765A) |
| LOREN CURTIS JAMES, | |
| Defendant and Appellant. | |

A jury convicted defendant Loren Curtis James of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)),[1] driving with a blood-alcohol level of 0.08 percent or greater (§ 23152, subd. (b)), and driving with a suspended license (§ 14601.2). Defendant admitted three prior driving under the influence convictions within the

---

[1]    Undesignated statutory references are to the Vehicle Code.

1

last 10 years, (§ 23550) and the trial court sentenced him to serve two years in state prison.

On appeal, defendant contends the trial court prejudicially erred in admitting a prior inconsistent statement. We conclude the statement was properly admitted. Even if the statement was erroneously admitted, we conclude any error was harmless. Accordingly, we affirm the judgment.

BACKGROUND

On October 11, 2013, at around 3:00 a.m., Anurag Singh was driving southbound on Interstate Highway 5 when he looked into his rearview mirror and saw a car approaching from about 1,500 feet away. Singh saw sparks when the car drifted into the center median. He then pulled off to the side of the road and called 911. Singh was too far away to see if anyone was in the car, but he saw a shadow, later identified as a person, get out of the car and stand between the car and the barrier. He did not see what caused the crash and it was too dark for him to see if there were other people by the car. He could not recall telling an officer that the figure remained at the scene until the ambulance came. Singh also testified he was too far away to confirm whether the person remained at the scene. An officer testified that in an interview about 18 hours after the accident, Singh told him the figure he saw remained at the scene until the ambulance crew arrived.

Ryan Pickard was a paramedic who responded to the accident that morning. He saw defendant standing on the side of the road by the car, which was blocking the northbound number two and three lanes. The car sustained moderate to severe damage to the front end and the driver's side door. Both of the driver's side wheels were off the car, along with severe damage to the front end and the driver's side door.

Defendant told Pickard he was down the street at his girlfriend's house when he heard the accident. Wanting to see what happened, defendant went up the embankment and hopped over a six-foot chain link fence. He denied being involved in the accident. Pickard asked defendant to remain at the scene to talk to California Highway Patrol (CHP) officers, but defendant said he did not want to give a statement. At around 3:16 a.m., defendant left the scene by going down the embankment and over the fence.

Garret Brown was the other paramedic at the scene. He was dispatched at around 3:00 a.m. Defendant appeared uninjured and made no complaints, but he was a little uneasy on his feet. Brown did not see any alcoholic beverages in the car. Defendant left before law enforcement officers arrived, going down the steep embankment without stumbling.

Officer Skyler Tesch of the CHP arrived at the scene shortly after the paramedics, at around 3:21 a.m. He saw a white 2004 Mustang between the number two and three lanes. The left side suffered severe damage and the two left wheels were removed. The damage indicated the Mustang struck a three-foot-high concrete divider with its front left corner.

The Mustang was registered to defendant. The keys were still in the ignition. There were no alcoholic beverages in the car, but Officer Tesch found a cell phone. The wallpaper on the cell phone's screen was a photograph of three children. Another officer later found the same photograph in defendant's wallet, which was in his back pocket.

CHP Officer Jose Rodriguez contacted defendant in a nearby residential neighborhood while responding to the report that someone had fled the scene of an

3

accident. Defendant was walking alone and no one else was around. Officer Rodriguez conducted a patdown search of defendant and found a wallet in his pants pocket.

Officer Tesch contacted defendant at around 3:27 a.m. about a mile from the accident scene. Defendant was with two CHP officers and appeared to be belligerent and shouting. Defendant's eyes were red and watery, he smelled of alcohol, and his speech was slurred. Officer Tesch looked in defendant's wallet and found a driver's license for another person and defendant's California identification card. He arrested defendant for driving under the influence of alcohol and fleeing the scene of a collision. Defendant's blood-alcohol level tested at 0.17 percent.

The parties stipulated that on October 11, 2013, defendant's driver's license was suspended and he was aware of the license suspension.

DISCUSSION

Defendant contends the trial court erred in admitting a statement Singh made to an officer as a prior inconsistent statement. We disagree.

At trial, Singh testified to seeing "a shadow move out of the car and out of the car and back." The shadow was a person and was to Singh's right side if he was looking back at the other car. Asked if the person left the scene, Singh replied, "I don't know." Asked if he saw the person when the ambulance arrived, Singh said, "I couldn't see him, I just saw movement for a little bit and then I couldn't really, it was too dark so I could only see things if there was a car coming." Singh remembered talking to an officer about the incident, but could not recall whether he told the officer he saw the person at the scene when the ambulance arrived. He also testified, "I don't believe I can confirm that, I was too far away to be able to tell. I remained on the scene until the response team showed up."

4

Over defendant's objection, the prosecutor asked Officer Tesch if Singh made a statement to him "regarding whether or not the figure he saw or thought he saw actually remained at the location?" Officer Tesch answered that Singh confidently replied "[t]hat the figure he saw next to the vehicle remained at the vehicle until the AMR ambulance arrived at the scene."

Evidence Code section 1235 provides that evidence of a statement made by a witness is not inadmissible hearsay if the statement is inconsistent with the witness's testimony at the hearing and is offered in compliance with Evidence Code section 770. Prior inconsistent statements may be used not only to impeach a witness's credibility but also to prove the truth of the matter asserted in the prior statement. (*People v. Green* (1971) 3 Cal.3d 981, 985.)

Generally, a witness's trial testimony that the witness does not remember an event is not inconsistent with a prior statement describing the event. However, if the record reasonably discloses the witness's failure to remember is evasive, feigned, or untruthful, the testimony is deemed inconsistent and admissible under Evidence Code section 1235. If the record discloses a witness's responses, even if partially couched as uncertain recollection, are in fact inconsistent with prior statements, the prior statements are admissible because, viewed as a whole, the trial testimony is inconsistent "in effect." (*People v. Fierro* (1991) 1 Cal.4th 173, 221-222.)

Defendant claims Singh's testimony regarding the person's presence at the scene was simply an "innocent failure of recollection," and it was therefore wrong to conclude this was inconsistent with his statement to law enforcement officers. He asserts Singh's statement to Officer Tesch was the strongest evidence defendant was the driver of the Mustang and was therefore prejudicial. He asserts this error rendered the trial fundamentally unfair, the error was not harmless beyond a reasonable doubt,

5

and the error was not harmless under the *People v. Watson* (1956) 46 Cal.2d 818 standard.

Singh's statement to Officer Tesch was properly admitted as a prior inconsistent statement. Although Singh initially testified he did not know if the person remained at the scene until the ambulance arrived, he then testified he could not see if the person was still there because it was too dark. He also testified that he did not believe he could "confirm" the person stayed until the ambulance arrived because he was too far away. Singh's testimony is inconsistent with his statement to Officer Tesch who testified Singh confidently stated "[t]hat the figure he saw next to the vehicle remained at the vehicle until the AMR ambulance arrived at the scene."

In any event, we conclude admission of the prior inconsistent statement is harmless even if erroneously admitted. Based on the other evidence that defendant was the driver of the car, this error is not so prejudicial as to deprive defendant of a fair trial. Also, it is not reasonably probable defendant would have obtained a more favorable result if not for the admission of the prior inconsistent statement. (*People v. Watson, supra*, at p. 836.) The evidence that defendant was the driver of the car was strong. The car was registered in defendant's name and the cell phone inside the car contained pictures of children that were in a photograph in defendant's wallet. Defendant was at the scene, on an interstate highway around 3:00 a.m., shortly after the accident. No other potential driver was anywhere near the area. Defendant was intoxicated when CHP contacted defendant around 3:27 a.m., about a mile from the accident scene, and left the scene before CHP officers arrived. In light of this evidence that defendant was the driver, it is not reasonably likely defendant would have obtained a more favorable result had Singh's statement to Officer Tesch not been admitted.

DISPOSITION

The judgment is affirmed.

                                        _____HOCH_____, J.

We concur:

_____RAYE_____, P. J.

_____MURRAY___, J.